IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY DALE LOVELAND,<br><br>Plaintiff,<br>v.<br><br>STATE OF UTAH DIVISION OF CHILD AND FAMILY SERVICES et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>Case No. 2:26-cv-00755-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.[1]

On November 13, 2026, Plaintiff filed the present Motion seeking an injunction under Federal Rule of Civil Procedure 65, "to immediately halt and restrain the ongoing, bad-faith municipal prosecutions and impending trials in the Holladay Justice Court."[2]

A temporary restraining order and a preliminary injunction share the same standard.[3]

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[4]

---

[1] Docket No. 15.

[2] *Id.* at 1.

[3] *Bauchman ex rel. Bauchman v. W. High Sch.*, 900 F. Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

[4] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Plaintiff's Motion fails to address these requirements. Most notably, it does not assert that he will suffer irreparable harm if the injunction is denied.

Additionally, Plaintiff has not yet served Defendants in this matter and has obtained an extension of time, until November 20, 2026, to file an amended complaint. Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without notice to the adverse party

> only if (A) specific facts in an affidavit or a verified complaint clearly show an immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff did not indicate that he was seeking ex parte relief nor did he file an affidavit or verified complaint or an attorney certification. Accordingly, the Court could not grant any injunctive relief without service to Defendants.

Because Plaintiff has not demonstrated that he is entitled to an injunction, the Court will deny his Motion without prejudice.

It is therefore

ORDERED that Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 15) is DENIED WITHOUT PREJUDICE.

DATED November 17, 2026.

BY THE COURT:

TED STEWART
United States District Judge